UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRAVIS C.D. PENDLEY,

        Petitioner,

   v.

JASON BENNETT,

        Respondent.

CASE NO. 2:23-cv-01141-DGE-GJL

ORDER ON SECOND RENEWED MOTION TO APPOINT COUNSEL

This matter is before the Court on referral from the District Court and on Petitioner's renewed Motion for court appointed counsel ("Motion"). Dkt. 22. Respondent opposes the Motion. *See* Dkt. 23.

There is no right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). However, the Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

The instant Motion is Petitioner's third request for counsel and is not materially different from his previous requests. *See* Dkts. 5, 15, 22. In this Motion, Petitioner argues the issues in his case are complex, he is untrained in the law, he is representing himself, and he is suffering from mental health disorders and degenerative disc disease. Dkt. 22 at 4–5.

However, the Court has reviewed the Petition and Answer and finds that the grounds for relief raised in the Petition do not appear to be so exceptionally complex as to warrant the appointment of counsel at this time. Further, Petitioner has not shown that his health conditions have affected his ability to litigate his case. Finally, the balance of reasons cited by Petitioner in the Motion are issues common to other *pro se* litigants and are not exceptional. Therefore, they do not warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted).

While the Court recognizes the challenges faced by *pro se* litigants in preparing a case without legal counsel, the law dictates that Petitioner's stated conditions, alone, do not compel this Court to appoint counsel.

//

//

//

ORDER ON SECOND RENEWED MOTION TO APPOINT COUNSEL - 2

As Petitioner has not demonstrated appointment of counsel is appropriate at this time, the renewed Motion to Appoint Counsel (Dkt. 22) is **DENIED without prejudice**.

Dated this 13th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge