UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRAVIS C.D. PENDLEY,<br><br>      Petitioner,<br> v.<br><br>JASON BENNETT,<br><br>      Respondent. | CASE NO. 2:23-cv-01141-DGE-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 29, 2025 |

  Presently before the Court is Petitioner Travis C.D. Pendley's Motion to supplement or amend his Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Motion"), as presented in his objections to this Court's Report and Recommendation ("R&R") recommending that all Grounds presented in his Petition be denied. *See* Dkt. 32 at 21. The District Court has referred Petitioner's request to supplement or amend his Petition to this Court. *See* Dkt. 34 at 3.

  Upon review, the Court finds Petitioner's Motion does not comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Further, the Court finds Petitioner's supplement or amendment would be futile. Thus, the Court recommends Petitioner's Motion to supplement or amend his Petition be **DENIED** and a certificate of appealability not be issued.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

On August 11, 2023, Petition filed a habeas Petition challenging his 2018 King County convictions for second degree murder and theft of a firearm. Dkt. 4. The Petition raised thirteen grounds for relief. *Id*. On September 7, 2023, the Court granted Petitioner's Motion to stay the case in order for Petitioner to return to state court to exhaust his state court remedies. Dkt. 11. On July 8, 2024, the Court issued an Order lifting the stay and directing Respondent to file and serve an answer to the Petition within sixty days. *See* Dkt. 17.

On August 27, 2024, Respondent filed a Response to the Petition. Dkt. 19. In the Response, Respondent argued several of Petitioner's grounds for relief were not properly exhausted and are now procedurally defaulted. *Id*. In addition, Respondent argued other grounds are barred by Petitioner's guilty plea, and the remaining grounds lacked merit. *Id*. Petitioner filed a Traverse on December 4, 2024. Dkt. 28.

On February 4, 2025, the Court issued an R&R recommending the Petition be denied on all grounds. Dkt. 29. As is relevant here, the Court recommended Petitioner's Grounds 2, 3, 6, and 7 be denied on the basis that Petitioner failed to properly exhaust them and cannot excuse his procedural default. *Id*. at 10–18.

Petitioner filed objections to the R&R, to which Respondent responded. Dkts. 32, 33. In his objections, Petitioner included a request for leave to supplement his Petition "in furtherance of clarity on the issues [the Court] has recommended be discarded, citing failure to exhaust in state court." Dkt. 32 at 21. Petitioner did not attach a proposed supplement or amendment to his objections. *See* Dkt. 32. However, in his argument in support, Petitioner claims he "wishes to assert a claim of ineffective appellate counsel," presumably related to the presentation of Grounds 2, 3, 6, and 7 in the state courts. *Id*. at 21–24.

REPORT AND RECOMMENDATION - 2

1    In their Response, Respondent argues Petitioner's request does not comply with Local Rule 15 and "suffers from undue delay, coming more than 18 months after [Petitioner] filed his habeas petition." Dkt. 33 at 2. In addition, Respondent contends that any amendment, including a claim of ineffective assistance of appellate counsel, would be futile because: not only does any amendment not support cause for procedural default, but the claim was never raised and exhausted separately in the state courts. *Id*. at 2–3.

On June 13, 2025, the District Court issued an Order adopting in full the Court's R&R. Dkt. 34 at 3. However, in the Order, the District Court also referred Petitioner's request to supplement or amend to this Court for review and consideration. *See id*. Thus, the Court will now consider Petitioner's request to supplement or amend his Petition, construed here as a Motion to supplement or amend.

## II.    DISCUSSION

### A.    Motion to Supplement or Amend the Petition

In his objections to the R&R, Petitioner seeks leave to supplement or amend his Petition so that he may include an additional argument of ineffective assistance of appellate counsel in connection with his failure to exhaust the Petition's Grounds 2, 3, 6, and 7. Dkt. 32 at 21–24. However, the time for Petitioner to amend his Petition as a matter of course expired almost ten months ago, Petitioner has not obtained Respondent's written consent to amend, and he has not attached a proposed supplement or amendment to his Motion, as required by Rule 15 of this Court's Local Rules. Local Rules W.D. Wash., LCR 15(a)–(b); *see also* Fed. R. Civ. P. 15(a)(1)–(2). Given the Motion's delinquency and Petitioner's noncompliance with the local filing requirements, the Court recommends leave to supplement or amend not be given.

REPORT AND RECOMMENDATION - 3

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Thus, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

*Id. See also* LCR 15(a)–(b).

Respondent filed a Response to the Petition on August 27, 2024. Dkt. 19. Thus, the time for Petitioner to amend his Petition as a matter of course under Rule 15(a)(1) has long since lapsed. *See also* LCR 15(a). Further, Respondent opposes Petitioner's request to amend and has not provided written consent allowing him to amend. *See* Dkt. 33 at 2–3; *see also* Fed. R. Civ. P. 15(a)(2); LCR 15(b). As such, the only avenue available for Petitioner to file a supplement or amendment to his Petition is to obtain leave of court. *See* Fed. R. Civ. P. 15(a)(2); LCR 15(a).

Ordinarily, the Court must grant leave to amend, which is "freely given when justice so requires," but the Court should not exercise this authority when such leave would cause or excuse "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

In addition, under this Court's Local Rules, a party moving for leave to amend "must attach a copy of the proposed amended pleading as an exhibit to the motion," and the

REPORT AND RECOMMENDATION - 4

proposed amended pleading "must not incorporate by reference any part of the preceding pleading." LCR 15(a). Here, Petitioner has not attached a proposed supplement or amendment to his Motion. *See* Dkt. 32.

While the Court may overlook a *pro se* litigant's failure to *strictly* comply with procedural requirements and grant leave to amend *sua sponte*, justice does not demand the exercise of such discretion in every case, including the case at bar. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (noting that courts should afford *pro se* litigants leniency when evaluating compliance with the technical rules of procedure). Here, granting leave to amend at this stage in the case where the Court has issued an R&R dispositive of the grounds for relief presented in the Petition, and the District Court has adopted in full that R&R, would cause undue prejudice to Respondent and cause this case to be re-litigated in a posture where it has already definitively been decided.

Further, the requirement for Petitioner to submit a proposed supplement or amendment to the Petition is not simply a procedural hurdle for him to clear—rather, Local Rule 15(a) serves two critical functions. First, the submission of a proposed amended pleading is essential for Petitioner to demonstrate that leave should not be denied on futility grounds or based on his failure to cure his pleading's deficiencies. *See Foman,* 371 U.S. at 182. Second, a proposed amended pleading provides notice and an opportunity for Respondent to identify any further undue prejudice that the amendment could cause. *Id.* Absent disclosure of the actual amended pleading Petitioner wishes to file, Respondent is left without a full and fair opportunity to screen the pleadings for prejudice and oppose leave to amend on that and other grounds.

Based on the foregoing, Petitioner's Motion to supplement or amend his Petition (Dkt. 32 at 21–24) should be **DENIED** for failure to comply with Local Rule 15(a).

B.  **Ineffective Assistance of Appellate Counsel**

Even if Petitioner were granted leave to supplement or amend his Petition at this late stage in the proceedings, such supplement or amendment would be futile.

As a reminder, in the R&R adopted by the District Court, the Court found no evidence that Petitioner exhausted his state court remedies to the highest state court for Grounds 2, 3, 6, and 7. *See* Dkt. 29 at 5–15. Subsequently, the Court found these Grounds procedurally defaulted, as Petitioner failed to make a showing of cause and prejudice or a fundamental miscarriage of justice to excuse such default. *Id*. at 15–18.

In his objections to the R&R, Petitioner appears to argue that "cause" exists because his appellate counsel failed to properly present these Grounds in state court and such failure constitutes ineffective assistance of counsel.[1] Dkt. 32 at 21–24. However, Petitioner's claim of ineffective assistance of appellate counsel itself has not been presented to the state courts. *See* Dkt. 20-1, Ex. 2; Dkt. 20-1, Ex. 6; Dkt. 20-2, Ex. 15; Dkt. 20-3, Ex. 18; Dkt. 20-3, Ex. 25; Dkt. 20-3, Ex. 27. Thus, this claim too is unexhausted and cannot serve to excuse Petitioner's procedural default. *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (holding that a petitioner who alleges ineffective assistance of appellate counsel as cause for procedural default must first raise the claim separately in state court); *see also Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000) ("[A] procedurally defaulted ineffective-assistance claim can serve as cause to

---

[1] In the instant Motion, Petitioner takes issue with appellate counsel's decision to incorporate by reference Petitioner's filings in his Personal Restraint Petition ("PRP") in the Motion for discretionary review and Motion to modify filed in the state supreme court. Dkt. 32 at 21–24. In the R&R, the Court addressed this issue of incorporation by reference as it pertained to Petitioner's exhaustion argument for Grounds 2, 3, 6, and 7, finding Petitioner's argument unavailing. Dkt. 29 at 10–13. As with his filings in the state courts, Petitioner did not assert a related ineffective assistance of appellate counsel claim in connection with this issue. *See* Dkt. 28 at 4–8.

REPORT AND RECOMMENDATION - 6

excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself.").

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's Motion to supplement or amend his habeas Petition or would conclude the issues presented in the Motion should proceed further. Therefore, for the reasons set forth in the Court's previous R&R (*see* Dkt. 29), as well as for the reasons stated herein, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to his Petition for writ of habeas corpus (Dkt. 4).

### IV. CONCLUSION

For the above stated reasons, the Court recommends that Petitioner's Motion to supplement or amend his Petition for writ of habeas corpus, as presented in his objections to the R&R (Dkt. 32 at 21–24) and referred to this Court by the District Court in its Order adopting in full the R&R (*see* Dkt. 34), be **DENIED**. As a result, no certificate of appealability as to the Petition for writ of habeas corpus (Dkt. 4) should issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 29, 2025, as noted in the caption.

Dated this 14th day of July, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8